UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHANNON OSBORNE, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-5108** |
| **RIVER BEND DETENTION CENTER** | **SECTION "G"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.     Factual and Procedural Background

Plaintiff Shannon Osborne, Sr. ("Osborne"), an inmate housed in the Jackson Parish Jail, submitted the captioned civil rights complaint pursuant to 42 U.S.C. § 1983 against the River Bend Detention Center ("RBDC") and Captain Barns claiming that he was raped and beaten multiple times while in RBDC between May 11 and July 30, 2023. ECF No. 1, ¶IV, at 3 (Deficient Complaint). Osborne did not pay the filing fee or submit a pauper application with his complaint.

The Clerk of Court sent Osborne notice of these deficiencies on September 7, 2023, which required Osborne to either pay the filing fee or submit a properly completed and certified pauper application within twenty-one (21) days of the date of the notice. ECF No. 2. A pauper application form was provided to Osborne with the notice. The envelope mailed to Osborne at his prison address has not been returned as undeliverable. Osborne did not respond to or comply with the deficiency notice.

On October 11, 2023, the undersigned Magistrate Judge issued an Order requiring Osborne to show cause in writing by October 13, 2023, why his complaint should not be dismissed for his failure to prosecute by failing to respond to the deficiency notice and either pay the filing fee or submit a pauper application. ECF No. 3. The envelope mailed to Osborne at his prison address has not been returned as undeliverable. Osborne has not responded to the show cause order, paid the filing fee, or submitted a pauper application as ordered.

## II.     Standard of Review under Fed. R. Civ. P. 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See*, *e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

When a plaintiff is without counsel, he is responsible for the prosecution of his case. A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Info. Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more

than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

### III.   Analysis

Osborne has not replied to the Clerk of Court's deficiency notice or the Court's show cause order.  He also has not paid the filing fee or submitted a certified pauper application to initiate this suit.  Osborne is proceeding *pro se*, and his failure to comply with the notice and the Court's order is solely the result of his own actions or inactions.  He has been given adequate opportunity to comply with the court's prior order and has failed to do so.  His failure has resulted in the Court's inability to move forward with this case and its docket.  For these reasons, Osborne's civil rights complaint should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for his failure to prosecute.

### IV.   Recommendation

It is therefore **RECOMMENDED** that Shannon Osborne, Sr.'s civil rights complaint be **DISMISSED WITHOUT PREJUDICE** for his failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 16th day of November, 2023.

KAREN WELLS ROBY
**UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.